IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARC ST. CLAIR CHARLES,** | : | |
| | : | |
| Plaintiff | : | CIVIL NO. 1:CV-08-01988 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **MARY SABOL and COUNSELOR KOONS** | : | |
| | : | |
| Defendants | : | |

# **M E M O R A N D U M**

Plaintiff Marc St. Clair Charles ("Charles"), an inmate confined at the York County Prison in York, Pennsylvania, filed the above-captioned civil rights complaint pursuant to 42 U.S.C. § 1983 on November 3, 2008. (Doc. 1.) Charles names the following Defendants: Mary Sabol, Warden of York County Prison, and Counselor Koons, an employee at York County Prison. Plaintiff claims his right to equal protection was violated by Defendants, contending that they discriminated against him because his disciplinary sentence for fighting was more severe than the sentences imposed on white inmates who were involved in the same incident underlying the discipline.

Before the court is a motion to dismiss Charles' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), filed on behalf of Defendants. For the reasons set

forth below, the motion to dismiss will be granted.  However, Charles will be granted the opportunity to amend his complaint to assert a claim against Defendants, if possible.

I.      **Background**

All of the following facts are stated in the complaint and are taken as true for purposes of disposing of the instant motion.

On May 11, 2008, Charles was involved in a dispute with two Caucasian inmates at York County Prison.  (Doc. 1 at 3.)  An inmate named Peyton came to his cell in order to assault him, but Charles retaliated against him.  (*Id*.)  At lunchtime that same day, inmate Peyton tried to assault Charles again in the prison's day room, but a corrections officer saw the activity.  (*Id*.)  As a result, both Charles and inmate Peyton were placed in the behavioral adjustment unit ("BAU") of the prison.  (*Id*.)  Another inmate was brought to the BAU in connection with the incident also.  (*Id*.)

After prison officials conducted an investigation, Charles pleaded guilty to the incident before a hearing examiner.  (*Id*.)  In connection with this hearing, Charles states,

> Counselor Koon imposed 20 days of sentence.  Three week[s] later while I was in the prison hole two African American officers saw me at the hole who have knowledge about the incident, inform me to place a

2

complaint to the grievance preciding [sic], they felt I was bein[g] racial [sic] discriminated. I felt I was being discriminated. The two Caucasian who was involved in the incident received lesser time. I was attac[ked] on my cell again in the day room. Note: I am a black man.

(*Id*. at 2.)

As relief, Charles seeks an "apology" and $10,000,000. (*Id*. at 4.)

## II. Legal Standard - Motion to Dismiss

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Fair notice" in Rule 8(a)(2) "depends on the type of case – some complaints will require at least some factual allegations to make out a showing that the pleader is entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quotation omitted). "[A] situation may arise where, at some point, the factual detail in a complaint is so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Id*. A plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show

3

entitlement to relief. *Twombly*, 550 U.S. at 555; *accord*, *e.g.*, *Phillips*, 515 F.3d at 231-32; *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (the court is not "compelled to accept unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation.") (quotations and citations omitted)); *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005).

A defendant may attack a complaint by a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007). *Accord Phillips*, 515 F.3d at 233. If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss. *Twombly*, 550 U.S. at 555, 570; *Phillips*, 515 F.3d at 234; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Carroll*, 495 F.3d 62, 66 (3d Cir. 2007). This requirement "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of"

necessary elements of the plaintiff's cause of action. *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556).

When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *Youse v. Carlucci*, 867 F. Supp. 317, 318 (E.D. Pa. 1994). Such a complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient. *See, e.g.*, *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

## II. **Discussion**

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: 1) that the conduct complained of was committed by a person acting under

color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). A defendant's conduct must have a close causal connection to plaintiff's injury in order for § 1983 liability to attach. *Martinez v. California*, 444 U.S. 277, 285 (1980).[1] A prerequisite for a viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988).

In the instant motion to dismiss, Defendants argue that the court should dismiss Charles' claims against them because he has failed to state a cause of action upon which relief can be granted. The court will discuss each Defendant in turn.

### A. Defendant Warden Sabol

Defendant Warden Sabol argues that the complaint should be dismissed because Charles has failed to allege any personal involvement by Warden Sabol in violating any of Charles' constitutional rights, and Warden Sabol cannot be held

---

[1] The Court in *Martinez* explained: "Although a § 1983 claim has been described as 'a species of tort liability,' *Imbler v. Pachtman*, 424 U.S. 409, 417, 96 S. Ct. 984, 988, 47 L. Ed. 2d. 128 [(1976)], it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." *Martinez*, 444 U.S. at 285.

6

liable solely on the basis of *respondeat superior*. The court agrees that on the basis of *respondeat superior*, Defendant Sabol is subject to dismissal from this action.

It is well established that civil rights claims cannot be premised on the theory of *respondeat superior*. *Rode*, 845 F.2d at 1207. Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). Liability cannot be based solely on the basis of a defendant's supervisory capacity. The plaintiff must allege that the official had knowledge of or acquiesced in any purported acts of constitutional mistreatment. *See Rode*, 845 F.2d at 1207.

Charles names Defendant Warden Sabol in this action, but simply states, "she might be responsible for York County employee." (Doc. 1 at 3.) Other than this statement, Charles does not mention Warden Sabol or assert any claims against her. Clearly Warden Sabol has been included by Charles as a defendant due to her official and supervisory role. He does not allege that she had any personal knowledge of the incidents which allegedly took place in this case or acquiesced in them. Therefore, the court will grant the instant motion to dismiss as to Defendant Warden Sabol

7

without prejudice and will grant Charles leave to amend his complaint to state a claim against Warden Sabol, if possible.

> **B.     Defendant Counselor Koons**

Defendant Counselor Koons argues that the complaint should be dismissed as to him because Charles has failed to state a cause of action upon which relief can be granted. The court agrees, but will grant Charles the opportunity to amend his complaint to state a claim against Defendant Counselor Koons, if possible.

In his complaint, Charles appears to be setting forth an equal protection claim against Defendant Counselor Koons for discriminating against him based on his race. The Equal Protection Clause of the Fourteenth Amendment protects prisoners from invidious discrimination based on race. *Wolff v. McDonald*, 418 U.S. 539, 556 (1974). To establish an equal protection claim based on racial discrimination, a plaintiff suing under § 1983 must show that the defendant public official acted with intentional or purposeful discrimination. *Wilson v. Schillinger*, 761 F.2d 921, 929 (3d Cir. 1985). However, the Equal Protection Clause "does not deny States the power to treat different classes of persons in different ways." *Reed v. Reed*, 404 U.S. 71, 75 (1971). The Third Circuit Court of Appeals has observed that the Equal Protection Clause "is not a command that all persons be treated alike but, rather, 'a direction that

all persons *similarly situated* should be treated alike.'" *Artway v. Attorney Gen.*, 81 F.3d 1235, 1267 (3d Cir. 1996) (quoting *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985)) (emphasis in original); *see also Kuhar v. Greensburg-Salem Sch. Dist.*, 616 F.2d 676. 677 n.1 (3d Cir. 1980) ("An equal protection claim arises when an individual contends that he or she is receiving different treatment from that received by other individuals similarly situated.").

At the motion to dismiss stage, it cannot be concluded that Defendant Counselor Koons engaged in intentional or purposeful discrimination or that he treated Charles differently from similarly situated individuals on the basis of his race or some other impermissible reason. There are simply no factual averments which could "raise a reasonable expectation that discovery will reveal evidence of" an equal protection claim. *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). Without further factual averments as to Defendant Counselor Koons' alleged intentional or purposeful discrimination, Charles' assertion that he "felt I was being discriminated" against is not enough to survive a motion to dismiss. Based on the standards announced in *Wilson* and *Artway*, granting the motion to dismiss based on Charles' failure to state a claim upon which relief can be granted is appropriate.

9

However, the court will grant Charles the opportunity to amend his complaint to state a claim against Defendant Counselor Koons, if possible.

### C. Amended Complaint

In preparing his amended complaint, Charles is advised that, among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. A complaint need not contain detailed factual allegations, but a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show entitlement to relief as prescribed by Rule 8(a)(2). *Id.*; *see also Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

To meet the standards set forth in Rule 8, a complaint must at least contain a modicum of factual specificity, identifying the defendants and the particular conduct of the defendants purported to have harmed the plaintiff. "A complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice."[2] *Purveegiin*

---

[2] As to injury, Charles is reminded that under 42 U.S.C. § 1997e(e), "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental

*v. Pike County Corr. Facility*, No. 3:CV-06-0300, 2006 WL 1620219 (M.D. Pa. June 6, 2006).

In addition, Charles is advised that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Additionally, it must specify the existence of actions by defendants which have resulted in constitutional deprivations. *See, e.g.*, *Rizzo v. Goode*, 423 U.S. 362, 370–73 (1976). If Charles fails to submit an amended complaint consistent with this memorandum, and in the time allowed in the attached order, the court will close this case. The court will issue an order consistent with this memorandum.

                                               s/Sylvia H. Rambo
                                           United States District Judge

Dated: June 12, 2009.

---

or emotional injury suffered while in custody without a prior showing of physical injury." Section 1997e(e) requires more than a *de minimis* physical injury before an emotional injury may be alleged. *Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003). However, should Charles' amended complaint seek nominal or punitive damages, or declaratory or injunctive relief, rather than compensatory damages, section 1997e(e)'s requirement that a prisoner demonstrate physical injury before he can recover for mental or emotional injury would not apply. *See id.* (recognizing that section 1997e(e) does not prevent a prisoner from obtaining nominal or punitive damages or declaratory or injunctive relief).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARC ST. CLAIR CHARLES,** | : | |
| | : | |
| Plaintiff | : | **CIVIL NO. 1:CV-08-01988** |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **MARY SABOL and COUNSELOR KOONS** | : | |
| Defendants | : | |

# **O R D E R**

**AND NOW**, in accordance with the attached memorandum of law, **IT IS HEREBY ORDERED THAT**:

1) Defendants' motion to dismiss (Doc. 12) is **GRANTED**.

2) Within twenty (20) days of the date of this order, Plaintiff may file an amended complaint in accordance with the Federal Rules of Civil Procedure.

3) Failure to submit an amended complaint in accordance with the attached memorandum will result in closure of this case.

                                                s/Sylvia H. Rambo
                                                United States District Judge

Dated: June 12, 2009.